**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| SAMMY THOMAS, CDCR # F-12551, | Civil No. | 16cv2211-AJB (JMA) |
| Plaintiff, | **ORDER:** | |
| vs. | **(1) SUA SPONTE DISMISSING WITHOUT PREJUDICE AND WITH LEAVE TO AMEND ALL CLAIMS AGAINST ALL DEFENDANTS PURSUANT TO 28 U.S.C. §§ 1915 (e)(2) AND 1915A(b), WITH THE EXCEPTION OF PLAINTIFF'S EIGHTH AMENDMENT CLAIM AGAINST DEFENDANTS RODRIGUEZ AND COLIO;** | |
| J. RODRIGUEZ, P. COLIO, W.L. MONTGOMERY, M.D. STAINER, NURSE NUNEZ and DR. ESLOCK, | **(2) GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT OR, ALTERNATELY, LEAVE TO REQUEST THE U.S. MARSHAL TO EFFECT SERVICE OF THE FIRST AMENDED COMPLAINT UPON DEFENDANTS RODRIGUEZ AND COLIO ONLY; AND,** | |
| Defendants, | **(3) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE** | |

On August 29, 2016, Sammy Thomas ("Plaintiff"), a California state prisoner incarcerated at the California State Prison Los Angeles County, in Lancaster, California, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Plaintiff alleged that while he was housed at Calipatria State Prison ("Calipatria") in Imperial, California, he was transported to an outside hospital by two Calipatria Correctional Officers, Defendants J. Rodriguez and P. Colio, the only Defendants named in the Complaint, who he claimed violated his state and federal rights when they failed to secure him with a seatbelt during transport, which resulted in an injury when the van made a sudden stop. (Compl. at 3-6.) Plaintiff did not pay the civil filing fee required by 28 U.S.C. § 1914(a) to commence a civil action, but filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

On December 1, 2016, the Court granted Plaintiff leave to proceed in forma pauperis. (ECF No. 5.) The Court also dismissed the Complaint for failure to state a claim under 42 U.S.C. § 1983 because Plaintiff had failed to allege facts supporting the objective prong of an Eighth Amendment deliberate indifference claim as he did not provide sufficient details regarding his injury or medical needs to allege they were sufficiently serious, and failed to allege facts supporting the subjective prong of such a claim as he merely alleged that Defendants Rodriguez and Colio acted negligently rather than knowing of and deliberately disregarding a serious risk to his safety or serious medical needs. (Id. at 6-9.) Plaintiff was informed of these deficiencies of his pleading and granted leave to amend his Complaint. (Id.)

Plaintiff has now filed a First Amended Complaint ["FAC"], along with a Motion for appointment of counsel, and a Request for the Court to issue a summons and direct the United States Marshal to effect service of the FAC. (ECF Nos. 7, 11, 13.) For the following reasons, the Court finds that the allegations against Defendants Rodriguez and Colio in the FAC are sufficient to survive screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). However, the FAC also contains allegations which were not presented in the original Complaint, against Defendants not named in the original Complaint, regarding denial of medical care, including the former Acting Director of the Division of Adult Institutions for the California Department of Corrections and Rehabilitation ("CDCR"), the Warden of Calipatria, and a doctor and a nurse employed at Calipatria. As set forth

below, the new allegations against the new Defendants do not survive screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and the Court will dismiss these new Defendants without prejudice.  The Court will provide Plaintiff the option of filing a Second Amended Complaint in an attempt to cure the pleading deficiencies with respect to his Eighth Amendment deliberate indifference to his medical needs claim, or proceeding with his Eighth Amendment failure claim in the FAC against Defendants Rodriguez and Colio.  If Plaintiff chooses to proceed with his FAC, the Court will direct the United States Marshal to effect service of the FAC upon Defendants Rodriguez and Colio.  If Plaintiff chooses to file a Second Amended Complaint it will be subject to sua sponte screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and any Defendants not named and any claims not re-alleged will be considered waived.

I. **SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) and § 1915A**

"The Court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing," complaints filed by all persons proceeding IFP, and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

at 679. The "mere possibility of misconduct" falls short of meeting the Iqbal plausibility standard. Id.; see also Moss v. U. S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679; see also Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1983, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while the court has an "obligation . . . where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), citing Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc), it may not, in so doing, "supply essential elements of the claim that were not initially pled." Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012).

### A. Plaintiff's Allegations

Plaintiff alleges that on the morning of August 12, 2015, while housed at Calipatria, he was transported by Defendants Correctional Officers Rodriguez and Colio

from Calipatria to a hospital in Indio, California, for a physical therapy appointment, and was shackled with waist chains and handcuffs. (FAC at 9.) He was placed in a van equipped with seatbelts, but was unable to fasten his seatbelt by himself due to his shackles. (Id. at 10.) He asked Defendants Rodriguez and Colio: "Are you going to fasten my seatbelt?," to which they replied: "No, you'll be alright." (Id.) During transportation to the hospital the van stopped suddenly and Plaintiff was thrown forward, hit his head, and injured his back. (Id. at 11.) When he complained of his injuries Defendants Rodriguez and Colio continued to drive to the hospital and told him his physical therapist would examine him, although Plaintiff pointed out that the physical therapist was not a doctor and was not qualified to examine or treat his injuries. (Id.) At the hospital the physical therapist examined Plaintiff and he completed his physical therapy with difficulty, and was then driven back to Calipatria, this time with a seat belt. (Id. at 12-13.) Plaintiff filed an inmate grievance against Defendants Rodriguez and Colio alleging they had violated CDCR policies and procedures by failing to secure him with a seatbelt and having a physical therapist evaluate him at the hospital rather than a doctor. (FAC Ex. A.) His grievance was granted in part, and the prison admitted that officers Rodriguez and Colio had violated departmental policy, although they refused on the basis of privacy concerns to identify which policy had been violated. (Id.)

Plaintiff was examined by Defendant Nurse Nunez immediately upon his return to Calipatria, was given Ibuprofen for his pain and returned to his cell about 12:45 p.m. (FAC at 12-13.) He took a nap in his cell until about 3:20 p.m., at which time he attempted to get up to use the restroom, but could not get off his bunk because his back had seized up. (Id. at 13.) Plaintiff was examined at the Calipatria infirmary, was treated and held overnight for observation. (Id. at 14.) Defendant Dr. Eslock sent Plaintiff back to his cell the next day after prescribing pain medication, and told him she would schedule an outside neurological consultation. (Id.)

Plaintiff states that he was transferred to Lancaster before he could be seen by the neurologist, but had a teleconference with an outside doctor on December 17, 2016, who

diagnosed him with a degenerative disc disease in his lower back and recommended surgery. (Id. at 14-15.) Plaintiff states that he has agreed to have the surgery, "so he requested authorization from the prison doctors who are denying me the surgery so I now suffer from chronic lower back pain everyday due to the negligence of all parties involved." (Id. at 14-15.) He does not identify who is preventing him from having surgery, or whether they are at Calipatria or Lancaster. In addition to Defendants Rodriguez, Colio, Dr. Eslock and Nurse Nunez, Plaintiff names as Defendants M.D. Stainer, a former Acting Director of the Division of Adult Institutions for the CDCR, and Warren L. Montgomery, the Warden of Calipatria, but merely alleges these Defendants are "legally responsible" for the operation of Calipatria. (Id. at 17.)

### B. Eighth Amendment Failure to Protect Claims

The Court finds that Plaintiff's allegations against Defendants Rodriguez and Colio survive screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because he has set forth factual allegations that they knew of and deliberately disregarded his need to be safely restrained in the back of the van for the trip to the hospital, and that he suffered a serious injury as a result.[1] See Farmer v. Brennan, 511 U.S. 825, 833 (1994) (holding that a prisoner's Eighth Amendment rights are violated when prison officials are deliberately indifferent to his need for safety); Brown v. Fortner, 518 F.3d 552, 560 (8th Cir. 2008) (affirming the denial of summary judgment where the "uncontested evidence indicates [a prison official] knew [prisoner] was shackled and restrained in a manner that prevented him from securing his own seatbelt. . . . rejected [prisoner's] request for a seatbelt. . . . [and] drove recklessly and ignored requests by the inmate passengers in his van for him to slow down."); Ford v. Fletes, 211 F.3d 1273, 2000 WL 249124 at *1 (9th Cir. 2000) (unpublished memorandum) (recognizing that prisoner may be able to allege deliberate indifference when he was injured from fall out of a vehicle while transported in handcuffs in a vehicle without doors, seat belts or restraints).

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

Thus, as currently pleaded, the Court finds that the FAC is sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b) as to Defendants Rodriguez and Colio. Accordingly, if Plaintiff wishes to proceed with the FAC against Defendants Rodriguez and Colio, the Court will direct the U.S. Marshal to effect service of these Defendants on Plaintiff's behalf. See 28 U.S.C. § 1915(d). As set forth below, Plaintiff has the option of requesting the Court to direct service of the FAC on these Defendants or filing a Second Amended Complaint in an attempt to cure the defects of pleading against the remaining Defendants, which are identified immediately below. Plaintiff is cautioned that the Second Amended Complaint will be subject to sua sponte screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), that it must be complete in itself without reference to his original pleading, and that any Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived. See S.D. CAL. CIVLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

### C. Eighth Amendment Medical Claims

Plaintiff attempts to state a claim for deliberate indifference to his serious medical needs against the remaining Defendants, but, for the following reasons, the claim does not survive screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted). "A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

>"Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992), citing Gamble, 429 U.S. at 103-04. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059, quoting Gamble, 429 U.S. at 104. Plaintiff's allegations regarding the ongoing injury to his back, and his allegation that an outside doctor has recommended surgery which Plaintiff wants but is being denied, are sufficient to plead an objectively serious medical need for treatment. See id. at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")

However, Plaintiff fails to include any further "factual content" to show that any Defendant acted with "deliberate indifference to [his] serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), quoting Gamble, 429 U.S. at 104. In order to be deliberately indifferent, a defendant's acts or omissions must involve more than an ordinary lack of due care, as "[a] difference of opinion" between a doctor and an inmate, or even between medical professionals, regarding what medical care is appropriate "does not amount to a deliberate indifference." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989), citing Gamble, 429 U.S. at 107.

Plaintiff alleges that he was treated at the Calipatria infirmary by Defendants Dr. Eslock and Nurse Nunez, but does not allege what these Defendants did or failed to do which demonstrates they were deliberately indifferent to his serious medical needs, or even why he seeks to hold them liable. (FAC at 12-14.) Plaintiff's FAC contains no facts whatsoever which show that these Defendants acted with deliberate indifference to his serious medical needs by knowing of and disregarding an excessive risk to his

1  health. Rather, he appears to allege they were merely negligent regarding his treatment
2  (see FAC at 15), which is insufficient to state a claim. See Toguchi v. Chung, 391 F.3d
3  1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical
4  condition, without more, does not violate a prisoner's Eighth Amendment rights."),
5  quoting McGuckin, 974 F.2d at 1059. "Deliberate indifference," on the other hand, "is
6  a high legal standard," and claims of medical malpractice or negligence are insufficient
7  to establish a constitutional deprivation. Simmons v. Navajo Cnty., 609 F.3d 1011, 1019
8  (9th Cir. 2010), citing Toguchi, 391 F.3d at 1060.

9        With respect to the remaining Defendants, M.D. Stainer and Warden Montgomery,
10 Plaintiff has failed to set forth any allegations whatsoever regarding what these
11 Defendants knew about his medical condition, how they came about that knowledge, and
12 what and how they knew of any potential risk to his health arising from a failure to
13 provide or delay in providing medical care. Rather, he merely alleges they "are legally
14 responsible" for what goes on at Calipatria. (FAC at 17.) Those allegations are
15 insufficient to state an Eighth Amendment claim. See Farmer, 511 U.S. at 837 (prison
16 officials must know of and act with deliberate indifference to medical needs in order to
17 violate the Eighth Amendment); see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of
18 the elements of a cause of action, supported by mere conclusory statements, do not
19 suffice.")

20       To the extent Plaintiff seeks to hold Defendants Stainer and Montgomery
21 vicariously liable for the acts or failure to act by persons he contends is preventing him
22 from having surgery or who allegedly provided him with inadequate medical care, the
23 FAC fails to state a claim. A person deprives another "of a constitutional right, within
24 the meaning of section 1983, if he does an affirmative act, participates in another's
25 affirmative acts, or omits to perform an act which he is legally required to do that causes
26 the deprivation of which [the plaintiff complains]." Johnson v. Duffy, 588 F.2d 740, 743
27 (9th Cir. 1978). There is no respondeat superior liability under 42 U.S.C. § 1983.
28 Palmer v. Sanderson, 9 F.3d 1433, 1437-38 (9th Cir. 1993); see also Iqbal, 556 U.S. at

676 ("[V]icarious liability is inapplicable to . . . § 1983 suits," and Plaintiff "must plead that each Government-official defendant, though the official's own individual actions, has violated the Constitution.") The FAC contains no factual allegations describing what these Defendants did, or failed to do, with regard to his medical needs. See Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.") "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988), citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976); Berg v. Kincheloe, 794 F.2d 457, 460 (9th Cir. 1986).

Thus, without some specific "factual content" that might allow the Court to "draw the reasonable inference" that Defendants Stainer and Montgomery may be held personally liable for any unconstitutional conduct directed at Plaintiff, the Court finds the FAC, as currently pleaded, contains the type of allegations which Iqbal makes clear fail to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 568.

Accordingly, the Court finds that Plaintiff's FAC fails to state an Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Stainer, Nunez, Montgomery and Dr. Eslock, and that portion of his FAC against these Defendants is subject to sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). See Lopez, 203 F.3d at 1126-27; Rhodes, 621 F.3d at 1004. Because Plaintiff is proceeding without counsel, the Court will grant him an opportunity to amend the FAC, if he wishes, and hereby provides him "notice of the deficiencies in his complaint in order to ensure [he] uses the opportunity to amend effectively." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012), citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

## II. Motion for Appointment of Counsel

Finally, Plaintiff has filed a Motion for appointment of counsel, arguing that he is unable to afford an attorney, his imprisonment will limit his ability to litigate, and the

legal issues are likely to involve conflicting testimony. (ECF No. 11.) There is no constitutional right to counsel in a civil case. Lassiter v. Dept. of Social Servs, 452 U.S. 18, 25 (1981). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, Agyeman v. Corr. Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." Id.; see also Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Agyeman, 390 F.3d at 1103, quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

Nothing in the record at this stage of the proceedings suggests Plaintiff is incapable of articulating the factual basis for his claims, and evaluation of the likelihood of success on the merits is premature. Because no exceptional circumstances warrant the appointment of counsel at this time, Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice. Terrell, 935 F.2d at 1017.

### III.  Conclusion and Order

Good cause appearing, the Court:

1.   **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel (ECF No. 11).

2.   **DIRECTS** the Clerk of Court to dismiss Defendants M. D. Stainer, Warren Montgomery, Dr. Eslock and Nurse Nunez from this action without prejudice for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

3.   **GRANTS** Plaintiff leave to, **on or before April 3, 2017**, either: (1) file a Second Amended Complaint which cures all the deficiencies of pleading noted as to Defendants M. D. Stainer, Warren Montgomery, Dr. Eslock and Nurse Nunez, and/or his Eighth Amendment claim for deliberate indifference to his serious medical needs; or

1  (2) notify the Court of his intent to proceed with the First Amended Complaint against Defendants Rodriguez and Colio.

If Plaintiff chooses to file a Second Amended Complaint, it must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived. See S.D. CAL. CIVLR 15.1; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff chooses to notify the Court of his intent to proceed with the First Amended Complaint against Defendants Rodriguez and Colio, the Court will issue an Order dismissing the remaining claims and Defendants without leave to amend and will direct the United States Marshal to serve the FAC on Defendants Rodriguez and Colio.

4. The Clerk of Court is **DIRECTED** to send Plaintiff a blank Southern District of California § 1983 amended complaint form along with a copy of this Order.

**IT IS SO ORDERED**.

DATED: February 28, 2017

                                         _____
                                         Hon. Anthony J. Battaglia
                                         U.S. District Judge