# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY THOMAS, CDCR # F-12551,<br><br>Plaintiff,<br><br>vs.<br><br>J. RODRIGUEZ and P. COLIO,<br><br>Defendants, | Civil No.   16cv2211-AJB (JMA)<br><br>**ORDER:**<br><br>**(1)  DIRECTING THE U.S. MARSHAL TO EFFECT SERVICE OF THE SECOND AMENDED COMPLAINT UPON DEFENDANTS RODRIGUEZ AND COLIO;**<br><br>**(2)  SUA SPONTE DISMISSING DEFENDANTS DR. ESLOCK AND NURSE NUNEZ PURSUANT TO 28 U.S.C. §§ 1915 (e)(2) AND 1915A(b); and,**<br><br>**(3)  DISMISSING REMAINING DEFENDANTS FOR LACK OF VENUE PURSUANT TO 28 U.S.C. §§ 84(c)(1), 1391(b) AND 1406(a)** |

On August 29, 2016, Sammy Thomas ("Plaintiff"), a California state prisoner incarcerated at the California State Prison Los Angeles County ("Lancaster"), in Lancaster, California, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff alleged that while he was housed at Calipatria State Prison ("Calipatria") in Imperial, California, he was transported to an outside hospital by two Calipatria Correctional Officers, Defendants J. Rodriguez and P. Colio, the only

Defendants named in the Complaint, who he claimed violated his state and federal rights when they failed to secure him with a seatbelt during transport, which resulted in an injury when the van made a sudden stop. (Compl. at 3-6.) Plaintiff did not pay the civil filing fee required by 28 U.S.C. § 1914(a) to commence a civil action, but filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

On December 1, 2016, the Court granted Plaintiff leave to proceed in forma pauperis. (ECF No. 5.) The Court also dismissed the Complaint for failure to state a claim under 42 U.S.C. § 1983 because Plaintiff had failed to allege facts supporting the objective prong of an Eighth Amendment deliberate indifference claim, as he did not provide details regarding his injury or medical needs sufficient to allege they were serious, and failed to allege facts supporting the subjective prong of such a claim as he merely alleged that Defendants Rodriguez and Colio acted negligently rather than knowing of and deliberately disregarding a serious risk to his safety or serious medical needs. (Id. at 6-9.) Plaintiff was informed of these deficiencies of his pleading and granted leave to amend his Complaint. (Id.)

On February 6, 2017, Plaintiff filed a First Amended Complaint ("FAC"), in which he re-alleged his claims against Defendants Rodriguez and Colio regarding their failure to restrain him during his trip to the outside hospital, and added claims against Defendants Nurse Nunez and Dr. Eslock, who treated him at the Calipatria infirmary upon his return for the injury sustained during transport. (ECF No. 7.) On February 28, 2017, the Court issued an Order in which it found that the allegations against Defendants Rodriguez and Colio in the FAC survived screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), but that the allegations against Defendants Nurse Nunez and Dr. Eslock did not. (ECF No. 22.) The Court dismissed Defendants Nurse Nunez and Dr. Eslock without prejudice, and gave Plaintiff the option of filing a Second Amended Complaint in an attempt to cure the pleading deficiencies, or proceed with his FAC and have the Court direct the United States Marshal to effect service upon Defendants Rodriguez and Colio. (Id.)

On April 10, 2017, Plaintiff filed a Second Amended Complaint, which is now the operative pleading in this action. (ECF No. 23.) Plaintiff re-alleges his claim against Defendants Rodriguez and Colio regarding their failure to properly restrain him during transport, sets forth new allegations and new claims against Defendant Nurse Nunez, names Defendant Dr. Eslock as a Defendant but does not set forth any allegations against him, and adds additional claims against additional Defendants regarding the medical care he has received after he was transferred to Lancaster, where he is currently incarcerated. (Id.)

**I.    Defendants Rodriguez and Colio**

For the reasons set forth in this Court's February 28, 2017 Order, the Court finds that Plaintiff's allegations against Defendants Rodriguez and Colio survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (See ECF No. 22 at 6.) Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf. See 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.")

**II.   Defendants Nurse Nunez and Dr. Eslock**

Other than Rodriguez and Colio, the only other Calipatria Defendants named in the Second Amended Complaint are Defendants Nurse Nunez and Dr. Eslock. (SAC No. 23 at 2.) In the FAC, Plaintiff alleged that he was treated at the Calipatria infirmary by these Defendants upon his return for the injury he sustained during transport, but did not allege what they did or failed to do which demonstrated deliberate indifference to his medical needs. (FAC at 12-14.) Because the FAC contained no facts that showed these Defendants had acted with deliberate indifference to Plaintiff's serious medical needs by knowing of and disregarding an excessive risk to his health, they were dismissed pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and Plaintiff was provided leave to amend the FAC against them. (ECF No. 22 at 8-9.)

Although Plaintiff now names Dr. Eslock as a Defendant in the Second Amended Complaint (see SAC at 2), he sets forth no allegations whatsoever regarding him. For the same reasons set forth in the Court's February 28, 2017, Order, Plaintiff's allegations against this Defendant do not survive the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b). (ECF No. 22 at 8-9.)

Plaintiff alleges that Defendant Nurse Nunez examined him and found no "bump or injury," which he characterizes as a lie, thereby making it more difficult for him to proceed with this action. (SAC at 9.) Plaintiff claims that as a result this Defendant violated his right to access to the courts, which in turn violated his right to due process, and violated his right of access to medical care. (Id.) With respect to the deliberate indifference to medical care aspect of the claim against Defendant Nurse Nunez, Plaintiff's allegations do not survive the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for the same reasons set forth in this Court's February 28, 2017 Order. (ECF No. 22 at 8-9.) Neither has Plaintiff alleged an access to courts claim based on his allegation that Defendant Nunez failed to immediately diagnose his injury upon return to Calipatria from being transported to the outside hospital. He has previously alleged that his injury was diagnosed and treated several hours later. (FAC at 12-14.) He has not and cannot allege an adverse effect on his ability to litigate the present action as a result of that short delay. See Christopher v. Harbury, 536 U.S. 403, 414 (2002) (holding that in order to state a claim for a deprivation of a constitutional right to access to the courts, a plaintiff must allege actions by officials that caused the denial of access to the courts). Thus, Plaintiff's allegations against Defendant Nurse Nunez once again fail to to survive the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

Accordingly, Defendants Nurse Nunez and Dr. Eslock are **DISMISSED**. The dismissal is without further leave to amend because it is now clear that Plaintiff is unable to state a claim against these Defendants. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (leave to amend is not appropriate where "the pleading could not possibly be cured by the allegation of other facts.")

**III. Lancaster Defendants**

The remaining claims against the remaining Defendants in the Second Amended Complaint involve medical care which Plaintiff has received while housed at Lancaster. (SAC at 3-4, 7-8.) Proper venue for Plaintiff's claims against these Defendants does not lie in this Court.

Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); Costlow, 790 F.2d at 1488; Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff alleges constitutional violations arising out of medical care he received at Lancaster, where he is currently incarcerated. (SAC at 7-8.) That prison is located in Los Angeles County. See 28 U.S.C. § 84(c)(2). The claims regarding the medical care he received in Lancaster are brought against Defendants who Plaintiff indicates reside in Los Angeles County. (SAC at 3.) None of the Lancaster Defendants is alleged to reside in either San Diego or Imperial County, and no event or omission giving rise to any of Plaintiff's claims regarding the medical care he received at Lancaster is alleged to have occurred here. See 28 U.S.C. § 84(d) ("The Southern District of California comprises the counties of Imperial and San Diego.")

Therefore, the Court finds venue regarding Plaintiff's medical care claims is proper in the Central District of California, Western Division, pursuant to 28 U.S.C.

§ 84(c)(2), but not in the Southern District of California pursuant to 28 U.S.C. § 84(d). Accordingly, the remaining Defendants in this action are **DISMISSED** without prejudice to Plaintiff to pursue his claims against these Defendants in the Central District of California, Western Division. See 28 U.S.C. § 1391(b); Costlow, 790 F.2d at 1488.

## IV. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. The Clerk shall issue a summons as to Plaintiff's Second Amended Complaint (ECF No. 23) upon Defendants Rodriguez and Colio and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of the Order granting Plaintiff leave to proceed IFP (ECF No. 5), a certified copy of his Second Amended Complaint (ECF No. 23), and the summons so that he may serve each Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the Second Amended Complaint and summons upon each Defendant as directed by Plaintiff on the USM Form 285s. All costs of service shall be advanced by the United States. See 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

2. Defendants Rodriguez and Colio are thereafter **ORDERED** to reply to Plaintiff's Second Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). See 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

3. Plaintiff shall serve upon Defendants Rodriguez and Colio or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

4. Defendants Nurse Nunez and Dr. Eslock are **DISMISSED** without further leave to amend pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

5. The remaining Defendants are **DISMISSED** without prejudice for lack of venue pursuant to 28 U.S.C. §§ 84(c)(1), 1391(b) and 1406(a).

**IT IS SO ORDERED**.

DATED: April 13, 2017

_____
Hon. Anthony J. Battaglia
U.S. District Judge