UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAMMY THOMAS,
CDCR #F-12551,

Plaintiff,

vs.

J. RODRIGUEZ, Correctional Officer;
P. COLIO, Correctional Officer,

Defendants.

Case No.:  3:16-cv-02211-AJB-JMA

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS SECOND
AMENDED COMPLAINT
PURSUANT TO
Fed. R. Civ. P. 12(b)(6)**

**[ECF No. 30]**

Sammy Thomas ("Plaintiff"), currently incarcerated at California State Prison –
Los Angeles County, is proceeding pro se and in forma pauperis in this civil rights action
filed pursuant to 42 U.S.C. § 1983.

Plaintiff claims Calipatria State Prison ("CAL") Correctional Officers Rodriguez
and Colio ("Defendants") violated his Eighth Amendment rights by failing to properly
secure him in a seatbelt during a prison transport from CAL to a hospital in Indio,
California, for a physical therapy appointment on August 12, 2015. *See* Second Amend.
Compl. ("SAC"), ECF No. 23 at 5-6.

///
///

## II.     Procedural History

On April 13, 2017, the Court directed the U.S. Marshal to effect service of Plaintiff's SAC upon Defendants pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3) (ECF No. 24).[1]

On June 30, 2017, Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6) (ECF No. 30). On the same day, the Court issued a briefing schedule as to Defendants' Motion, determined that no proposed findings and recommendations by the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Cal. CivLR 72.3(a) would be necessary, permitted Plaintiff to file an Opposition, and Defendants an opportunity to Reply (ECF No. 31).

On August 18, 2017, Plaintiff filed his Opposition (ECF No. 32), and on August 24, 2017, Defendants filed their Reply (ECF No. 33). The Motion has been determined suitable for determination on the papers; therefore no oral argument was held, and no party was required to appear. *See* S.D. Cal. CivLR 7.1.d.1.

For the reasons discussed below, the Court finds Plaintiff's Second Amended Complaint fails to state an Eighth Amendment claim as to either Defendant Colio or Rodriguez, and therefore GRANTS their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 30).

## II.     Plaintiff's Factual Allegations

On the morning of August 12, 2015, Plaintiff alleges Defendants Colio and Rodriguez, both correctional officers at CAL, transported him from CAL to a hospital in Indio, California, for a physical therapy appointment. *See* SAC, ECF No. 23 at 5. Plaintiff does not explain the nature of his medical need for physical therapy on that day, but in another portion of his pleading he alleges to suffer from "degenerative disk disease," and

---

[1] The Court has dismissed all other claims alleged in the SAC as to all other parties sua sponte for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* ECF Nos. 22, 24.

exhibits attached to his SAC show he has been treated for "unresolved" and chronic lower back pain as early as December 2014, when he underwent an MRI of his lumbar spine while incarcerated at the Sierra Conservation Center. *Id.* at 7, 38-40.

On August 12, 2015, Plaintiff contends he was "shackled with waist chains and handcuffs," and "placed in a van equipped with seat belts," but was unable to fasten them by himself due to the shackles. *Id.* at 5. Plaintiff claims to have asked Colio and Rodriguez, "Are you going to fasten my seatbelt?" But they replied, "No, you'll be alright." *Id.* Plaintiff next claims that "[d]uring the transport[], … the van stopped suddenly and [he] was thrown forward, hit his head, and injured his back." *Id.*

Plaintiff next contends Defendants "continued to drive to the hospital," where he was examined by the physical therapist, and "completed his physical therapy with difficulty," before he was driven back to CAL, "this time with a seatbelt." *Id.*

Plaintiff alleges to have filed an inmate grievance related to the incident that was "granted in part." *Id.* As a result of that grievance, Plaintiff claims the "prison admitted Rodriguez and Colio had violated department policy," but did not "identify which policy was violated." *Id.*

### III. Motion to Dismiss

#### A. Defendants' Arguments

Defendants Colio and Rodriguez request dismissal of Plaintiff's Eighth Amendment claims against them arguing that he has failed to allege facts sufficient to show that they acted with deliberate indifference to a serious risk to his safety. *See* Defs.' Mem. of P&As in Supp. of Mot. to Dismiss, ECF No. 30-1 at 5-6. More specifically, Defendants argue this Court should apply a "danger-plus" test to Plaintiff's failure to protect claims. *Id.* at 3-4.

#### B. Plaintiff's Opposition

For his part, Plaintiff contends that he *has* "stated with specific clarity a cognizable claim of deliberate indifference." *See* Pl.'s Opp'n at 2, 5-7. Specifically, Plaintiff's Opposition repeats the facts in his SAC, *id.* at 3, and includes *additional* allegations that

"Defendants placed a piece of cardboard in the window preventing [him] from being able to see the speedometer," but that he was nevertheless "able to see out of the side of the van and was able to tell that the Defendants were passing traffic on the 111 freeway and driving faster than the flow of traffic[] when [they] suddenly slammed on the breaks and caus[ed] [him] to be thrown forward, hit his head, and injure his back." *Id.* at 3. Plaintiff thus contends Defendants' speed, in conjunction with his request to fasten his seatbelt, his inability to do so on his own, and their failure to properly restrain him, not only "broke the law under § 27315(d)(1) and § 27315(e) of the California Vehicle Code," but also demonstrates deliberate indifference under the Eight Amendment. *Id.* at 4-6.

## C. Defendants' Reply

Defendants Reply that the "allegations in the SAC simply state that Defendants did not buckle Plaintiff in, and [that] the van 'stopped suddenly.'" *See* Defs.' Reply, ECF No. 33 at 2. Defendants ask the Court not to consider any "allegations raised in opposition papers that were not raised on the complaint." *Id.* Defendants further argue that any alleged violation of California law "cannot state a claim under 42 U.S.C. § 1983." *Id.* at 4.

## D. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Villa v. Maricopa Cty.*, 865 F.3d 1224 (9th Cir. 2017). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

556 U.S. at 678. Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, which rise above the mere conceivability or possibility of unlawful conduct. *Iqbal*, 556 U.S. at 678-79; *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While a pleading "does not require 'detailed factual allegations,'" Rule 8 nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotes omitted); *accord Lacey v. Maricopa Cnty.*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc).

Although a district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), "[d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008) (citation omitted); *Somers*, 729 F.3d at 960. And while the Court may not consider Plaintiff's Opposition to determine the propriety of a Rule 12(b)(6) motion, it may consider allegations raised in his Opposition when deciding whether amendment would be futile. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

E.     Eighth Amendment

Prison officials have a duty under the Eighth Amendment to avoid excessive risks to inmate safety. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a claim under the Eighth Amendment based upon Defendants' alleged failure to prevent his injury, Plaintiff must allege Defendants Colio and Rodriguez were "deliberate[ly]

indifferen[t]" to "conditions posing a substantial risk of serious harm." *Id.* Deliberate indifference is more than mere negligence, but less than purpose or knowledge. *See id.* at 836. A prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *accord Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002); *Thomas v. Ponder*, 611 F.3d 1144, 1152 (9th Cir. 2010) (citing *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009)) ("[I]f an inmate presents evidence of very obvious and blatant circumstances indicating that the prison official knew [a substantial risk of serious harm] existed, then it is proper to infer that the official must have known of the risk.") (alteration in original).

While the Ninth Circuit has yet to find an Eighth Amendment deliberate indifference claim in the context of a prison guard's failure to secure an inmate's seatbelt during transport, an unpublished memorandum decision notes the possibility that such a claim may be alleged. *See, e.g., Ford v. Fletes,* 211 F.3d 1273, 2000 WL 249124 at *1 (9th Cir. 2000) (unpub.) ("Although the district court concluded that Ford failed to allege facts to show that defendants knew of and consciously disregarded an obvious risk to his safety when transporting him in the vehicle with his hands cuffed behind his back, ... he may be able to allege facts to show such deliberate indifference.") (citing *Farmer*, 511 U.S. at 837).

Other courts have explicitly found that the failure to provide or secure a seatbelt to a prisoner during transport "does not, standing alone, give rise to a constitutional claim." *Jabbar v. Fischer*, 683 F.3d 54, 57-58 (2d Cir. 2012); *Spencer v. Knapheide Truck Equipment Co.*, 183 F.3d 902, 906 (8th Cir. 1999) ("[W]e do not think that the Board's purchase of patrol wagons without safety restraints nor its manner of transporting individuals in these wagons were policies that obviously presented a "substantial risk of serious harm."); *Dexter v. Ford Motor Co.*, 92 Fed. App'x. 637, 641 (10th Cir. 2004) ("[A] failure to seatbelt does not, of itself, expose an inmate to risks of constitutional

dimension."); *Wilbert v. Quarterman*, 647 F. Supp. 2d 760, 769 (S.D. Texas 2009) ("Considering the different circuit court opinions, it appears that an allegation of simply being transported without a seatbelt does not, in and of itself, give rise to a constitutional claim."); *Carrasquillo v. City of New York*, 324 F. Supp. 2d 428, 437 (S.D.N.Y. 2004) ("'[A] failure to seatbelt does not, of itself, expose an inmate to risks of constitutional dimension' because the 'eventuality of an accident is not hastened or avoided by whether an inmate is seat[-]belted.'") (citation omitted); *Simon v. Clements*, No. CV 15-04925-JLS (PLA), 2016 WL 8729781, at *1 (C.D. Cal. June 10, 2016) ("The law is clear that inmates who are transported by correctional officers do not have a constitutional right to the use of seat belts."); *Newman v. Cty. of Ventura*, No. CV 09-4160-JVS (RC), 2010 WL 1266719, at *10 (C.D. Cal. Mar. 8, 2010) ("[P]laintiff has no constitutional right to seat belts."), *report and recommendation adopted*, 2010 WL 1266725 (C.D. Cal. Mar. 26, 2010); *King v. San Joaquin Cty. Sheriff's Dep't*, No. CIV S-04-1158 GEB KJM P, 2009 WL 577609, at *4 (E.D. Cal. Mar. 5, 2009) ("[A] prison's or jail's failure to equip a van or bus with seatbelts for the prisoners does not rise to the level of deliberate indifference as a matter of constitutional law."), *report and recommendation adopted*, 2009 WL 959958 (E.D. Cal. Apr. 6, 2009).

"However, if the claim is combined with allegations that the driver was driving recklessly, this combination of factors *may* violate the Eighth Amendment." *Wilbert*, 647 F. Supp. 2d at 769. *See also Brown v. Fortner*, 518 F.3d 552, 559-60 (8th Cir. 2008) (denying summary judgment as to prisoner's Eighth Amendment claims where "uncontested evidence indicate[d] [Defendant] knew [Plaintiff] was shackled and restrained in a manner that prevented him from securing his own seatbelt," where Defendant "rejected [Plaintiff's] request for a seatbelt," and "drove recklessly and ignored requests by inmate passengers to slow down."); *Brown v. Morgan* ("*Morgan*"), 39 F.3d 1184, at *1 (8th Cir. 1994) (unpub.) (per curiam) (finding allegations that deputy refused to let prisoner wear a seatbelt, drove at a "high speed in bad weather," refused to slow down "despite pleas for him to do so, purposely spe[d] up, and smil[ed] when he

saw [Plaintiff] was scared," "sufficient to manifest deliberate indifference for his safety" under the Eighth Amendment); *Rogers v. Boatright*, 709 F.3d 403, 406, 409 (5th Cir. 2013) (finding allegations of prisoner "shackled in leg irons and handcuffs … attached together by a chain," placed on a "narrow bench that ran the length of the caged portion of [a transport prison] van" without a seatbelt, and who alleged officer was "driving the van recklessly, darting in and out of traffic at high speeds," and had to "break hard to avoid hitting a vehicle in front of him," sufficient to state an Eighth Amendment deliberate indifference claim); *Simon*, 2016 WL 8729781 at *2 ("Facts such as whether seat belts were available for use, whether the inmate requested the use of a seat belt, whether the driver knew the inmates were not secured by seat belts, how the officer drove the vehicle, and the traffic conditions at the time of an incident causing injury are all relevant to a determination of whether an inmate can state a claim."); *Brown v. Saca* ("*Saca*"), No. EDCV09-01608 ODW(SS), 2010 WL 2630891, at *3-4 (C.D. Cal. June 9, 2010) (finding allegations of "fully shackled" prisoner, who asked officers to secure his seatbelt, was "refused" and "taunt[]ed," and whose restraints "prevented him from either securing his seatbelt or bracing himself in the event of an accident," sufficiently alleged Eighth Amendment deliberate indifference claim because he *also* alleged defendants drove "erratically," and "recklessly drove the van in reverse striking another vehicle."), *report and recommendation adopted*, No. EDCV09-01608 ODW(SS), 2010 WL 2630998 (C.D. Cal. June 28, 2010); *Ortiz v. Garza*, 2016 WL 8730726 at *4 (E.D. Cal. 2016) ("Because Plaintiff alleges [Defendant] was aware the [shackled] prisoners did not have safety restraints, yet drove at high speeds and hit a stationary object, he alleges facts sufficient to [show] deliberate indifference to his safety in violation of the Eighth Amendment."); *Jamison v. YC Parmia Ins. Grp.*, No. 2:14-CV-1710 GEB KJN P, 2015 WL 8276333, at *3 (E.D. Cal. Dec. 9, 2015) ("Taking plaintiff's allegations as true, defendant Whitehead's actions of placing a shackled inmate in a van without benefit of seatbelts and then driving recklessly, at a speed of 80 miles per hour, would pose an unreasonable risk of harm.").

Here, Defendants contend the allegations in Plaintiff's SAC—that he was shackled, refused seatbelts, and then "thrown forward" when Defendants "stopped suddenly," *see* SAC, ECF No. 23 at 5, are insufficient to support a plausible claim of deliberate indifference because they are not accompanied by additional allegations that they "were driving erratically, speeding, making frequent stops," or doing anything that, in conjunction with the failure to secure him with seatbelts, "exacerbated [Plaintiff's] risk of substantial injury." *See* ECF No. 30-1 at 3-4. Defendants thus argue that Plaintiff's Eighth Amendment claims must be dismissed because they do not satisfy what they term as the "danger-plus" test applied in *Jamison*, *Wilbert*, and *Simon*. *Id.* Defendants contend that merely "stopping a vehicle suddenly while driving is not inherently reckless in nature," *id.* at 4-5, and that "deliberate indifference entails something more than mere negligence." *Id.* at 6 (citing *Farmer*, 511 U.S. at 835, 837).

The Court agrees. Like the Plaintiffs in *Wilbert*, *Brown*, *Morgan*, *Rogers*, *Saca*, *Ortiz* and *Simon*, Plaintiff claims he was shackled, unable to fasten his own seatbelt, and that Defendants either failed or explicitly refused a request to secure his seatbelt. *See* SAC, ECF No. 23 at 5-6; *cf. Wilbert*, 647 F. Supp. 2d at 770; *Brown*, 518 F.3d at 556; *Morgan*, 39 F.3d at 1184 *1; *Rogers*, 709 F.3d at 406; *Saca*, 2010 WL 2630891 at *3; *Simon*, 2016 WL 8729781 at *1.

Plaintiff next claims that "[d]uring the transport[], … the van stopped suddenly and [he] was thrown forward, hit his head, and injured his back." *See* SAC, ECF No. 23 at 5. Critically, however, Plaintiff's SAC, unlike the complaints filed by the prisoner/plaintiffs in *Wilbert*, *Brown*, *Morgan*, *Rogers*, *Saca*, *Ortiz*, and *Jamison*, does *not* contain any further factual content to plausibly suggest Defendants were speeding, or driving "recklessly" or "erratically" under the circumstances. *See Wilbert*, 647 F. Supp. 2d at 770 (noting plaintiff "also complained that the van was traveling at an unsafe speed"); *Brown*, 518 F.3d at 559 ("In addition to the failure to fasten Brown's seatbelt, … Brown offered evidence of that Fortner was driving in excess of the speed limit, following too closely to the lead van, crossing over double-yellow lines, and passing non-convoy cars when the

9

road markings clearly prohibited doing so."); *Morgan*, 39 F.3d at 1184 *1 (alleging defendant was "driving at a high rate of speed in bad weather, refusing to slow down despite [Plaintiff's] pleas for him to do so, purposely speeding up, and smiling when he saw that [Plaintiff] was scared"); *Rogers*, 709 F.3d at 409 (alleging defendant "operated the prison van recklessly, knowing there was a substantial risk that [Plaintiff] would be injured if the van stopped abruptly"); *Saca*, 2010 WL 2630891 at *3-4 ("Plaintiff's allegations that [Defendants] refused to secure his seatbelt are sufficient to state a claim under the Eighth Amendment because he has alleged [Defendants] acted recklessly."); *Ortiz*, 2016 WL 8730726 at *4; *Jamison*, 2015 WL 8276333, at *3.

Instead, the Court finds Plaintiff's allegations most like the ones made by the prisoner/plaintiff in *Simon*, who alleged he was "shackled in a manner that did not allow him to fasten his own seat belt," and that the defendant "did not secure Plaintiff's seat belt for him," and then "slammed the van's brakes suddenly" causing him to be "thrust violently forward, hitting his knees and head on a partition in front of his seat, [and] causing injury." 2016 WL 8729781 at *1. Like the Court in *Simon*, this Court finds that without some additional "factual content that allows the court to draw the reasonable inference" that Defendants were acting recklessly and with "deliberate indifference" when "the van stopped suddenly," *see* SAC, ECF No. 23 at 5, *Iqbal*, 556 U.S. at 678, Plaintiff's Second Amended Complaint currently fails to state a claim for relief under the Eighth Amendment which is plausible on its face. *Iqbal*, 556 U.S. at 678; *Simon*, 2016 WL 8729781 at *2.[2]

---

[2] To the extent Plaintiff contends, also in Opposition to Defendants' Motion to Dismiss, that Colio and Rodriguez violated Cal. Vehicle Code § 27315, which mandates the use of seatbelts, and/or CAL. CODE REGS., tit. 15 § 3271, which renders them "responsible for the safe custody of the inmates confined" within the California Department of Corrections and Rehabilitation, *see* Pl.'s Opp'n, ECF No. 32 at 4-5, Defendants are correct to note that violations of state statutes or prison regulations, while perhaps suggestive of reasonable standards of care, are not redressable as separate causes of action under 42 U.S.C. § 1983. *See* Defs.' Reply, ECF No. 33 at 4; *Lovell ex rel. Lovell v.*

And while Plaintiff has alleged additional facts in his Opposition regarding Defendants' efforts to block his view of the speedometer, and the speed and/or conditions under which they were driving at the time of his injury, *see* Pl.'s Opp'n, ECF No. 32 at 3, the Court may not consider those allegations when ruling on Defendants' Motion to Dismiss. See *Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). It may, however, consider factual allegations raised in Plaintiff's Opposition when deciding whether to grant him leave to amend. *Broam*, 320 F.3d at 1026 n.2.

F.    Leave to Amend

"If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend." *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011), *aff'd in relevant part*, 604 F. App'x 545 (9th Cir. 2015). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading 'could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe*, 58 F.3d at 497). Here, the factual allegations raised by Plaintiff in his Opposition suggest he could allege additional facts, when combined with those he has previously alleged related to Colio's and Rodriguez's failure to secure his seatbelt, that could support an Eighth Amendment deliberate indifference claim. *See e.g., Simon*, 2016 WL 8729781 at 2; *see also Perez v. Beard*, No. 2:16-cv-0073-JAM-EFB P, 2017 WL 1079937 at *3 (E.D. Cal. March 22, 2017) (granting prisoner leave to amend Eighth Amendment claims against prison transport officers who allegedly failed to secure his seatbelt, and then came to a "sudden stop").

///

---

*Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress."); *accord Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 736 (9th Cir. 2012).

**IV.    Conclusion and Order**

        For the reasons discussed, the Court:

        1)        **GRANTS** Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 30]; and

        2)        **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file with the Clerk of Court, and serve upon Defendant Colio and Rodriguez's counsel of record, a Third Amended Complaint that addresses the pleading deficiencies identified in this Order. Plaintiff is cautioned, however, that should he choose to file a Third Amended Complaint, it must be complete by itself, and that any claim not re-alleged in it will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). If Plaintiff fails to comply with these instructions and/or files a Third Amended Complaint that still fails to state an Eighth Amendment claim against Defendants Colio and Rodriguez, his case will be dismissed without further leave to amend. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

        **IT IS SO ORDERED**.


Dated:  September 5, 2017

                                    _Battaglia_
                                    Hon. Anthony J. Battaglia
                                    United States District Judge