# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY THOMAS, CDCR #F-12551, <br><br>　　　　　　　　　Plaintiff, <br><br>vs. <br><br>J. RODRIGUEZ, Correctional Officer; P. COLIO, Correctional Officer, <br><br>　　　　　　　　　Defendants. | Case No.: 16CV2211 AJB (JMA) <br><br>**REPORT AND RECOMMENDATION RE DEFENDANTS' MOTION TO DISMISS THIRD AMENDED COMPLAINT** <br><br>**[ECF No. 37]** |

　　　　Sammy Thomas ("Plaintiff"), currently incarcerated at California State Prison, Los Angeles County, is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff claims Calipatria State Prison ("CAL") Correctional Officers Rodriguez and Colio ("Defendants") violated his Eighth Amendment rights by failing to properly secure him in a seatbelt during a prison transport from CAL to a hospital in Indio, California, for a physical therapy appointment on August 12, 2015. (*See* Third Amend. Compl. ("TAC"), ECF No. 36 at 3-4.) Defendants have filed a motion to dismiss the TAC. (ECF No. 37.) For the following reasons, the undersigned recommends the motion be GRANTED without leave to amend.

## I. Procedural History

Plaintiff initiated this action by filing a Complaint on August 29, 2016. (ECF No. 1.) On December 1, 2016, the Court issued an order sua sponte dismissing the complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). (ECF No. 5.) Plaintiff filed a First Amended Complaint on February 6, 2017. (ECF No. 7.) On February 28, 2017, the Court issued an order sua sponte dismissing without prejudice and with leave to amend all claims against all defendants pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), with the exception of Plaintiff's Eighth Amendment claim against Defendants Rodriguez and Colio. (ECF No. 22.) Plaintiff filed a Second Amended Complaint ("SAC") on April 10, 2017. (ECF No. 23.) On April 13, 2017, the Court directed the U.S. Marshal to effect service of Plaintiff's SAC upon Defendants Rodriguez and Colio pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). (ECF No. 24). The Court sua sponte dismissed all other claims alleged in the SAC as to all other parties for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (*Id.*)

Defendants filed a motion to dismiss the SAC for failure to state a claim for which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 30.) On September 6, 2017, the Court issued an order granting Defendants' motion. (ECF No. 35.) The Court found the SAC did not contain factual allegations to "plausibly suggest Defendants were speeding, or driving 'recklessly' or 'erratically' under the circumstances." (*Id.* at 9.) The Court stated that "without some additional 'factual content that allows the court to draw the reasonable inference' that Defendants were acting recklessly and with 'deliberate indifference' when 'the van stopped suddenly,'" the SAC failed to state a claim for relief under the Eighth Amendment. (*Id.* at 10.) The Court granted Plaintiff leave to amend to address the pleading deficiencies identified in the order. (*Id.* at 12.) The Court cautioned, however, that if Plaintiff's TAC still failed to set forth

allegations sufficient to state an Eighth Amendment claim, his case would be dismissed without further leave to amend. (*Id.*)

Plaintiff filed his TAC on October 4, 2017. (ECF No. 36.) On October 19, 2017, Defendants filed a motion to dismiss the TAC for failure to state a claim upon which relief can be granted. (ECF No. 37.) Plaintiff filed an opposition on November 15, 2017. (ECF No. 39.) For the reasons discussed below, the Court finds Plaintiff's TAC fails to state an Eighth Amendment claim as to Defendants Rodriguez and Colio, and therefore RECOMMENDS Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be granted without leave to amend.

## II. Plaintiff's Factual Allegations

Plaintiff alleges that on the morning of August 12, 2015, Defendants Rodriguez and Colio, both correctional officers at CAL, transported him from CAL to a hospital in Indio, California for a physical therapy appointment relating to an ongoing lower back issue. (*See* TAC, ECF No. 36 at 3.) Plaintiff contends he was placed in ankle restraints, waist chain restraints, handcuffs, and a device known as a "black box" which locked the handcuffs to the waist chains and allowed "little to no mobility." (*Id.*) Plaintiff was placed in the very rear of the transportation van and was unable to fasten his seat belt due to the restraints. *Id.* Plaintiff claims he asked Defendants, "Are you going to fasten my seatbelt?" to which they replied, "No, you'll be alright." (*Id.*) Plaintiff states Defendants closed and locked the rear security door, closed the rear doors of the van, and placed a piece of cardboard in the window of the metal security divider, preventing Plaintiff from being able to see either Defendant, out of the front windshield, or the speedometer. (*Id.*) Plaintiff next alleges:

> During transportation while traveling on the 111 freeway the Plaintiff was able to see that the Defendants were passing the other vehicles at a high rate of speed and continuously changing lanes to pass other vehicles [through] the side windows of the transportation van when

3

16CV2211 AJB (JMA)

> the Defendants suddenly slammed on the [brakes] causing the Plaintiff to be thrown forward and slam into the metal security divider that separates the Plaintiff from the Defendants. The Plaintiff hit his head and injured his back when he slammed into the metal security divider and complained to the Defendants saying "I am hurt," but the Defendants continued to drive to the physical therapy appointment ignoring the Plaintiff's statement.

(*Id.* at 3-4.)

Plaintiff contends that upon arrival to the hospital, Defendants opened the back door of the van, unlocked the rear security door, and said, "OK, let's go in." Plaintiff again stated, "I am hurt," to which Defendants replied, "We will have the therapist check you out." (*Id.* at 4.) The physical therapist examined Plaintiff, placed an ice pack on his head and lower back for ten minutes, and then asked Plaintiff to complete his physical therapy, which he did with difficulty. (*Id.*) Defendants then drove Plaintiff back to CAL, this time with a seat belt. (*Id.*)

Plaintiff filed an inmate grievance related to the incident that was granted in part. (*Id.* at 5.) As a result of that grievance, Plaintiff claims the prison admitted Defendants violated departmental policy, but did not identify which policy was violated. (*Id.*)

### III. Motion to Dismiss

#### A. Defendants' Arguments

Defendants Rodriguez and Colio request dismissal of Plaintiff's Eighth Amendment claims against them. They contend, as they did in their prior motion to dismiss, that Plaintiff fails to sufficiently allege facts that satisfy the "danger-plus" test for an Eighth Amendment deliberate indifference to safety claim. (*See* Defs.' Mem., ECF No. 37-1 at 5-7.) Defendants argue further they lacked the requisite state of mind to be held liable under the Eighth Amendment. (*Id.* at 7-8.)

#### B. Plaintiff's Opposition

Plaintiff's Opposition essentially repeats the facts set forth in his TAC.

4

Plaintiff thus contends Defendants' "high rate of speed" and "continuously changing lanes to pass vehicles," in conjunction with his request to have his seatbelt fastened, his inability to do so on his own, and Defendants' failure to restrain him, demonstrates deliberate indifference under the Eighth Amendment. (Pl.'s Opp'n at 4-5.)

### C. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim rather than the claim's substantive merits, "a court may [typically] look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Villa v. Maricopa County*, 865 F.3d 1224 (9th Cir. 2017). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, which rise above the mere conceivability or possibility of unlawful conduct. *Iqbal*, 556 U.S. at 678-79; *Somers v. Apple, Inc.*, 729 F.3d 953, 959-60 (9th Cir. 2013). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. While a pleading "does not require 'detailed factual allegations,'" Rule 8 nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and quotes omitted); *accord Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc).

D. <u>Eighth Amendment</u>

Prison officials have a duty under the Eighth Amendment to avoid excessive risks to inmate safety. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a claim under the Eighth Amendment based upon Defendants' alleged failure to prevent his injury, Plaintiff must allege Defendants Rodriguez and Colio were "deliberate[ly] indifferen[t]" to "conditions posing a substantial risk of serious harm." *Id.* Deliberate indifference is more than mere negligence, but less than purpose or knowledge. *See id.* at 836. A prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *accord Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002); *Thomas v. Ponder*, 611 F.3d 1144, 1152 (9th Cir. 2010) (citing *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009)) ("[I]f an inmate presents evidence of very obvious and blatant circumstances indicating that the prison official knew [a substantial risk of serious harm] existed, then it is proper to infer that the official must have known of the risk.") (alteration in original).

A prison official's failure to provide seatbelts or restraints in a transportation vehicle "does not, standing alone, give rise to a constitutional claim." *Jabbar v. Fischer*, 683 F.3d 54, 57-58 (2d. Cir. 2012). As explained by the Second Circuit:

> A bus seatbelt is not a life necessity. While seatbelts may offer "reasonable safety" for the general public, on a prison bus their presence could present safety and security concerns. Inmates, even handcuffed or otherwise restrained, could use seatbelts as weapons to harm officers, other passengers, or themselves. A correctional facility's use of vehicles without seatbelts to transport inmates, when based on legitimate penological concerns rather than an intent to punish, is reasonable.

*Id.* at 58 (internal citations omitted); *see also Groce v. Smith*, 2015 WL 4743818, at *2 (M.D. Tenn. Aug. 10, 2015) ("[T]ransporting inmates without seatbelts alone does not amount to . . . deliberate indifference[.]").

However, many federal courts have determined the failure of a correctional officer to secure the seat belt of an inmate, when combined with other facts, may state a claim. *See, e.g., Brown v. Fortner*, 518 F.3d 552, 561 (8th Cir. 2008) (finding potential violation under the Eighth Amendment when guard knew inmate was restrained and could not secure his own seatbelt, rejected a request for a seatbelt, drove recklessly, and ignored requests to slow down); *Jamison v. YC Parmia Ins. Grp.*, 2015 WL 8276333, at *3 (E.D. Cal. Dec. 9, 2015) (finding allegation that a shackled prisoner was placed in a transportation van without seatbelts, while defendant drove "recklessly, at a speed of 80 miles an hour," sufficient to state a cognizable claim); *Brown v. Saca* ("*Saca*"), 2010 WL 2630891, at *3-4 (C.D. Cal. June 9, 2010), *report and recommendation adopted*, 2010 WL 2630998 (C.D. Cal. June 28, 2010) ("Plaintiff's allegations that [Defendants] refused to secure his seatbelt are sufficient to state a claim under the Eighth Amendment because he has alleged that [Defendants] acted recklessly."); *Wilbert v. Quarterman*, 647 F. Supp. 2d 760, 769 (S.D. Texas 2009) ("Considering the different circuit court opinions, it appears that an allegation of simply being transported without a seatbelt does not, in and of itself, give rise to a constitutional claim. However, if the claim is combined with allegations that the driver was driving recklessly, this combination of factors *may* violate the Eighth

Amendment."); *Ortiz v. Garza*, 2016 WL 8730726, at *3 (E.D. Cal. Apr. 8, 2016) (finding allegation that correctional officer who drove transportation vehicle in a manner that caused plaintiff to be "flung out of [his] seat," ignored pleas to slow down, and drove at a high rate of speed into a stationary object stated a cognizable claim). "Facts such as whether seat belts were available for use, whether the inmate requested the use of a seat belt, whether the driver knew the inmates were not secured by seat belts, how the officer drove the vehicle, and the traffic conditions at the time of an incident causing injury are all relevant to a determination of whether an inmate can state a claim." *Simon v. Clements*, 2016 WL 8729781, at *2 (C.D. Cal. June 10, 2016).

Here, Defendants contend the allegations in Plaintiff's TAC that Defendants were driving at a high rate of speed and changing lanes as they transported him to his physical therapy session are insufficient to support a plausible claim of deliberate indifference because they "do not equate to Defendants driving erratically, speeding, making frequent sudden stops, or otherwise increasing the risk of serious injury to Plaintiff." (Defs.' Mem. at 6.) Defendants argue that "[t]here are occasions when even the most cautious of motorists must react quickly to changing circumstances on the road," but that Plaintiff's allegations do not support that Defendants' driving was unreasonable under the circumstances. Defendants thus argue that Plaintiff's Eighth Amendment claims must be dismissed because they do not satisfy the "danger-plus" test applied in cases such as *Jamison*, *Wilbert*, and *Simon*. (*Id.*) Defendants further observe that Plaintiff's description of events as reported in his inmate appeals supports their argument. (*Id.* at 7.) There, he reported, "While [en] route on the 111 Freeway[,] Transportation Officer J. Rodriguez slammed his [brakes] which resulted in Petitioner to be projected out of the vehicle seat and slammed into the divided security cage between transportation officers J. Rodriguez and Colio." (TAC at 21-22.) Defendants contend there are no allegations of additional "danger-plus"

8

factors to support a deliberate indifference claim. (Defs.' Mem. at 7.)

The Court agrees. Plaintiff claims he was restrained, unable to fasten his own seatbelt, and that Defendants refused a request to secure his seatbelt. He next claims that during the transport, he was able to see, through a side window, that Defendants "were passing the other vehicles at a high rate of speed and continuously changing lanes to pass the other vehicles" when Defendants "suddenly slammed on the [brakes]" causing him to be thrown forward, "slam into the metal security divider," hitting his head and injuring his back. (*See* TAC at 3-4.) Plaintiff's TAC, however, unlike the complaints filed by the inmate plaintiffs in *Brown*, *Jamison*, *Saca*, *Wilbert*, *Ortiz*, and others, does *not* contain any further factual content to plausibly suggest Defendants were driving recklessly, traveling at an unsafe speed for conditions, or ignored requests to slow down. *See, e.g.,* *Brown*, 518 F.3d at 559 ("In addition to the failure to fasten Brown's seatbelt, . . . Brown has offered evidence that Fortner was driving in excess of the speed limit, following too closely to the lead van, crossing over double-yellow lines, and passing non-convoy cars when the road markings clearly prohibited doing so."); *Wilbert*, 647 F. Supp. 2d at 770 (noting plaintiff "also complained that the van was traveling at an unsafe speed"); *Saca*, 2010 WL 2630891, at *4 ("Plaintiff's allegations that [Defendants] refused to secure his seatbelt are sufficient to state a claim under the Eighth Amendment because he has alleged [Defendants] acted recklessly."); *Brown v. Morgan*, 39 F.3d at 1184, at *1 (8th Cir. 1994) (unpub.) (alleging defendant was "driving at a high rate of speed in bad weather, refusing to slow down despite [Plaintiff's] pleas for him to do so, purposely speeding up, and smiling when he saw that [Plaintiff] was scared"); *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013) (alleging defendant "operated the prison van recklessly, knowing that there was a substantial risk that [Plaintiff] would be injured if the van stopped abruptly"); *Ortiz*, 2016 WL 8730726, at *4; *Jamison*, 2015 WL 8276333, at *3.

As the Court previously found in its Order Granting Defendant's Motion to Dismiss SAC, the Court again finds Plaintiff's allegations most like the ones made by the plaintiff in *Simon*, who alleged he was "shackled in a manner that did not allow him to fasten his own seat belt," and that the defendant "did not secure Plaintiff's seat belt for him," and then "was driving at a high rate of speed when he slammed the van's brakes suddenly" causing Plaintiff to be "thrust violently forward, hitting his knees and head on a partition in front of his seat, causing injury." *Simon*, 2016 WL 8729781, at *1. Like the Court in *Simon*, this Court finds that without some additional "factual content that allows the court to draw the reasonable inference" that Defendants were acting recklessly and with deliberate indifference (*see Iqbal*, 556 U.S. at 678), Plaintiff's TAC fails to state a claim for relief under the Eighth Amendment which is plausible on its face. *Iqbal*, 556 U.S. at 678; *Simon*, 2016 WL 8729781, at *2; *see also Newman v. County of Ventura*, 2010 WL 1266719, at *10 (C.D. Cal. 2010) (no Eighth Amendment claim stated because inmate did not allege prison official drove recklessly); *Wilbert*, 647 F. Supp. 2d at 769-70 (allegation that prisoner requested seatbelt and was denied, was not properly seated in van, and van was traveling at an unsafe speed sufficient to state Eighth Amendment claim).

### E. Leave to Amend

"If a Rule 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend." *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011), *aff'd in relevant part*, 604 F. App'x 545 (9th Cir. 2015). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading 'could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Here, Plaintiff has already been given *three* opportunities to file amended complaints to cure pleading deficiencies

identified by the Court, but has failed to do so. The Court previously warned Plaintiff that if he filed a Third Amended Complaint that still failed to state an Eighth Amendment claim against Defendants Rodriguez and Colio, his case would be dismissed without further leave to amend. (*See* Order Granting Defendants' Motion to Dismiss SAC, ECF No. 35 at 12 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")).) The Court accordingly recommends Plaintiff not be granted further leave to amend.

## IV. Conclusion

For the reasons discussed above, the Court recommends Defendants' Motion to Dismiss Plaintiff's TAC pursuant to Fed. R. Civ. P. 12(b)(6) be GRANTED without leave to amend.

This report and recommendation will be submitted to the Honorable Anthony J. Battaglia, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **April 16, 2018**. The document should be captioned "Objections to Report and Recommendation." Any reply to the Objections shall be served and filed on or before **April 30, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 29, 2018

Honorable Jan M. Adler
United States Magistrate Judge

11
16CV2211 AJB (JMA)