UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMMY THOMAS,<br><br>                    Plaintiff,<br><br>v.<br><br>J. RODRIGUEZ, Correctional Officer, and P. COLIO, Correctional Officer,<br><br>                    Defendants. | Case No.: 16-cv-2211-AJB-JMA<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION;**<br><br>**(2) OVERRULING PLAINTIFF'S OBJECTIONS;**<br><br>**(3) GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND; AND**<br><br>**(4) CLOSING THIS CASE**<br><br>(Doc. Nos. 36, 37, 41, 45) |

On March 29, 2018, Magistrate Judge Jan M. Adler issued a Report and Recommendation ("R&R") on Defendants J. Rodriguez and P. Colio's (collectively referred to as "Defendants") motion to dismiss. (Doc. Nos. 37, 41.) On June 29, 2018, after granting him an extension of time to file, Plaintiff Sammy Thomas ("Plaintiff") filed his objection to the R&R. (Doc. No. 45.) As will be explained in greater detail below, the Court

1

1 **ADOPTS** the R&R in its entirety, (Doc. No. 41), **GRANTS** Defendants' motion to dismiss, (Doc. No. 37), **DISMISSES** Plaintiff's third amended complaint ("TAC") **WITHOUT LEAVE TO AMEND**, (Doc. No. 36), **OVERRULES** Plaintiff's objections, (Doc. No. 45), and **CLOSES** this case.

## BACKGROUND

The following facts are taken from Plaintiff's TAC and construed as true for the limited purpose of resolving this motion. *See Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247 (9th Cir. 2013).

On August 12, 2015, Plaintiff was transported by Defendants from Calipatria State Prison to J.F.K. hospital in the city of Indio, California for a physical therapy appointment. (Doc. No. 36 at 3.) Plaintiff suffers from lower back issues. (*Id.*) While traveling to his appointment, Plaintiff was placed in ankle restraints, waist chain restraints, handcuffs, and a "black box" that locked Plaintiff's handcuffs to his waist chain. (*Id.*) Due to all of these physical limitations, Plaintiff was unable to fasten his seat belt. (*Id.*) As a result, Plaintiff asked Defendants for their assistance. (*Id.*) However, Defendants refused to assist Plaintiff stating: "No you'll be alright." (*Id.*)

During Plaintiff's transport, while traveling on the freeway, Plaintiff claims that Defendants were driving faster than other vehicles and were continuously changing lanes. (*Id.*) At one point, Defendants suddenly slammed on the breaks causing Plaintiff to be thrown forward and to slam into the metal security divider that separated him from Defendants. (*Id.* at 3–4.) As a result, Plaintiff hit his head and injured his back. (*Id.* at 4.) Plaintiff informed Defendants that he had been hurt, however, they continued to drive to the hospital. (*Id.*)

Upon arriving at the hospital, Plaintiff again told Defendants that he had been hurt. (*Id.*) Instead of seeking help for Plaintiff, Defendants stated that Plaintiff's therapist could check on his injuries despite the fact that she was not a doctor. (*Id.*) Defendants then apprised the therapist that Plaintiff had been injured during his transport. (*Id.*) The therapist noted that there was a lump on Plaintiff's head and provided him an ice pack for both his

head and his lower back for around ten minutes. (*Id.*) After Plaintiff completed his therapy, with some difficulty, the therapist told Defendants to get him "checked out." (*Id.*) Defendants then drove Plaintiff back to the prison, this time securing his seat belt. (*Id.*)

As a result of the injuries he purportedly sustained, Plaintiff was referred to a neurologist. (*Id.*) Specifically, on December 17, 2015, Plaintiff had a consultation with Dr. Yoo from Tri-City Medical Center in Oceanside, California. (*Id.* at 5.) Plaintiff was ultimately diagnosed with having a degenerative disc disease on his "L4-5 and L5-51" disc with annular fissures and disc protrusion. (*Id.*)

Plaintiff filed his complaint on August 29, 2016. (Doc. No. 1.) Thereafter, on December 1, 2016, Plaintiff was granted leave to proceed in forma pauperis. (Doc. No. 5.) On February 6, 2017, Plaintiff filed his first amended complaint. (Doc. No. 7.)

On February 28, 2017, the Court issued an order sua sponte dismissing the claims against Defendants. (Doc. No. 22.) Specifically, the Court noted that the first amended complaint contained allegations that were not presented in the original complaint and against Defendants not named in the original Complaint. (*Id.* at 2.) Accordingly, the Court provided Plaintiff the option of filing a second amended complaint. (*Id.* at 3.) On April 10, 2017, Plaintiff filed his second amended complaint. (Doc. No. 23.)

Subsequently, Defendants filed a motion to dismiss, (Doc. No. 30), which was granted on September 6, 2017, (Doc. No. 35). Plaintiff filed his TAC on October 4, 2017. (Doc. No. 36.) The instant motion, Defendants' motion to dismiss, was filed on October 19, 2017. (Doc. No. 37.) On March 29, 2018, Magistrate Judge Jan M. Adler filed his R&R. (Doc. No. 41.) The R&R required objections to be filed on or before April 16, 2018, and any reply to the objection be filed on or before April 30, 2018. (*Id.* at 11.) On April 17, 2018, Plaintiff requested an extension of time to file his objections, (Doc. No. 43), which was granted, (Doc. No. 44). Plaintiff's objections were filed on June 29, 2018. (Doc. No. 45.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district

3

judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection(s), the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## **DISCUSSION**

The R&R recommends that Defendants' motion to dismiss be granted without leave to amend. (Doc. No. 41 at 11.) Specifically, the R&R cites to the fact that Plaintiff's operative complaint still fails to state a claim under the Eighth Amendment as many federal courts have determined that the transport of inmates without seatbelts alone does not amount to deliberate indifference. (*Id.* at 7.) Thus, the R&R recommends dismissal of the TAC as it "does not contain any further factual content to plausibly suggest Defendants were driving recklessly, traveling at unsafe speed for conditions, or ignored requests to slow down[.]" (*Id.* at 9.) Plaintiff's objection states that his lack of legal knowledge resulted in his failure to articulate his claims. (Doc. No. 45 at 1–2.) Thus, Plaintiff requests another opportunity to amend his complaint so that he can "use the proper language and or specific wordings that in all fairness will describe the actual chain of events" related to his complaint. (*Id.* at 2.)

The Court finds Plaintiff's general objection to Magistrate Adler's R&R has the "same effect as a failure to object." *Alcantara v. McEwen*, No. 12-CV-401-IEG (DHB), 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013). Here, Plaintiff only requests that he be permitted leave to amend his complaint while citing his lack of legal skills. (Doc. No. 45 at 1–2.) He does not attempt to demonstrate what factual allegations he can supply to support a plausible claim under the Eighth Amendment nor does he attempt to argue that

4

the R&R's conclusions are erroneous. Thus, Plaintiff's "overly-general objections" are not proper objections that obligate this Court to review those portions of the magistrate judge's R&R challenged by a party. *See Reyna-Tapia*, 328 F.3d at 1121.

As to Plaintiff's request for amendment so that he can use the "proper language or specific wordings," the Court is unpersuaded. (Doc. No. 45 at 2.) In the present matter, Plaintiff has been given three opportunities to file amended complaints curing any pleading deficiencies. (Doc. Nos. 5, 7, 22, 23, 35, 36.) Despite these chances to amend, Plaintiff has failed to state his claim sufficiently. Moreover, the Court warned Plaintiff that if he filed a TAC that failed to state an Eighth Amendment claim, his case would be dismissed without further leave to amend. (Doc. No. 35 at 12.) Accordingly, as Plaintiff's TAC is still inadequately pled, leave to amend is not warranted.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss **WITHOUT LEAVE TO AMEND**, (Doc. No. 37), **ADOPTS** Magistrate Judge Jan M. Adler's R&R in its entirety, (Doc. No. 41), and **OVERRULES** Plaintiff's objections, (Doc. No. 45). The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: September 4, 2018

Hon. Anthony J. Battaglia
United States District Judge